THE STATE OF OHIO, APPELLEE, *v.* GIVENS, APPELLANT.

(No. 10996—Decided June 22, 1983.)

*Mr. Lynn C. Slaby,* prosecuting attorney, for appellee.

*Mr. John P. Quinn, Jr.,* for appellant.

GEORGE, J. The defendant-appellant, Eugene Givens, was indicted on three counts of aggravated robbery and three counts of kidnapping. These charges arose out of a robbery of the Burris Jewelry Store.

Prior to trial, Givens moved to suppress certain items found at his residence as not being preserved by a proper chain of custody. These items were allegedly stolen from the Burris Jewelry Store. The court denied appellant's motion and a jury found him guilty of all six counts.

Assignment of Error I

"It was error for the trial court to overrule defendant's motion to suppress items seized as the result of a search of defendant's residence."

Crim. R. 41(D) requires an officer seizing property pursuant to a warrant to promptly issue an inventory of all the property taken. Appellant argues that since an inventory was not made of all of the items taken during the search of his residence that the motion to suppress should have been granted.

Further, appellant argues that in the absence of a proper inventory, a determination could not be made at trial that the items presented to the court were, in fact, taken from appellant's residence. This assumes that, as a matter of law, such an inventory is the only competent evidence to prove the items were taken from appellant's home. Such is not the case.

In the present case the police officer executing the search warrant testified that the items presented in court were, in fact, those items seized at appellant's home. Items which could not be so identified by the officer were withdrawn by the state.

Additionally, the Ohio Supreme Court has held that the failure to properly prepare an inventory does not render inadmissible evidentiary items seized pursuant to a warrant absent a showing of prejudice. *State* v. *Downs* (1977), 51 Ohio St. 2d 47 [5 O.O.3d 30], paragraph eight of the syllabus. This court can find no prejudice to appellant.

The first assignment of error is overruled.* * *■

The judgment is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and MAHONEY, J., concur.