DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Derrick Roper, appeals from the judgment of the Summit County Court of Common Pleas accepting his guilty plea and sentencing him to 14 years in prison. This Court reverses and remands for re-sentencing.
 I. {¶ 2} Appellant pled guilty to one count of possession of crack cocaine in an amount exceeding one hundred grams, in violation of R.C.2925.11. Appellant also pled guilty to the major drug offender specification contained in the indictment based upon the amount of drugs involved. Additionally, Appellant pled guilty to two counts of trafficking in crack cocaine, in violation of R.C. 2925.03(A)(1), and one count of having weapons while under disability, in violation of R.C.2923.13.
 {¶ 3} Appellant was sentenced to a mandatory ten-year prison term for the possession of crack cocaine conviction, and the trial court added an additional four years of incarceration to the mandatory ten-year term as a result of the major drug offender specification. Appellant was also sentenced to ten years in prison for each count of trafficking in cocaine and one year in prison for having weapons while under disability. These latter three sentences were to be served concurrently with his sentence for possession of crack cocaine. Appellant timely appealed, raising four assignments of error. For ease of discussion, this Court will begin by addressing Appellant's second assignment of error.
 II. ASSIGNMENT OF ERROR II
"The trial court erred in sentencing the appellant to maximum and consecutive terms of incarceration because it failed to make the appropriate findings per R.C. 2929.19, in order to impose such sentences."
 {¶ 4} In his second assignment of error, Appellant contends that the trial court failed to make the appropriate findings at his sentencing hearing to warrant imposing the maximum sentences for his convictions. This Court agrees.
 {¶ 5} As Appellant failed to object at his sentencing hearing, this issue would ordinarily be waived. State v. Riley, 9th Dist. No. 21852,2004-Ohio-4880, at ¶ 28. However, because Appellant asserts that the trial court committed plain error in his sentencing, this Court will address his second assignment of error. "The test for plain error is whether the result of the trial would have clearly been otherwise had the error not occurred." State v. Reynolds, 148 Ohio App.3d 578,2002-Ohio-3811, at ¶ 8. Additionally, a trial court imposing a sentence in the absence of proper statutory findings results in a sentence that is contrary to law and constitutes plain error by the trial court. State v.Shinn (June 14, 2000), 4th Dist. Nos. 99CA29 99CA35.
 {¶ 6} R.C. 2929.14(C) permits maximum sentences to be imposed only after specific findings by the trial court, stating:
"* * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 7} These findings must be made by the trial court at the sentencing hearing and journalized. See State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, paragraph two of the syllabus. "We do not require the court to utter any `magic' or `talismanic' words, but it must be clear from the record that the court made the required findings." State v.White (1999), 135 Ohio App.3d 481, 486.
 {¶ 8} Appellant received maximum sentences for both of his convictions for trafficking in cocaine and a maximum sentence for his conviction for having a weapon while under disability. For each of these convictions, the trial court failed to make the findings required by R.C. 2929.14(C) at the sentencing hearing. Accordingly, Appellant's sentences for each of these convictions are contrary to law. See Shinn, 4th Dist. Nos. 99CA29 99CA35.
 {¶ 9} Additionally, Appellant was sentenced to a total of 14 years for his conviction for possession of cocaine with a major drug offender specification. R.C. 2925.11(C)(4)(f) provides the impetus for the initial ten years of Appellant's sentence stating:
"If the amount of the drug involved equals or exceeds one thousand grams of cocaine that is not crack cocaine or equals or exceeds one hundred grams of crack cocaine, possession of cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender under division (D) (3) (b) of section 2929.14 of the Revised Code."
As Appellant pled guilty to possession of 110 grams of crack cocaine, he was by statutory definition a major drug offender. Accordingly, the trial court was required to impose a mandatory ten-year prison term on Appellant. Additionally, R.C. 2929.14(D)(3)(b) provides:
"The court imposing a prison term on an offender under division (D)(3)(a) of this section may impose an additional prison term of one, two, three, four, five, six, seven, eight, nine, or ten years, if the court, with respect to the term imposed under division (D)(3)(a) of this section and, if applicable, divisions (D)(1) and (2) of this section, makes both of the findings set forth in divisions (D)(2)(b)(i) and (ii) of this section."
 {¶ 10} Accordingly, Appellant's classification as a major drug offender gave the trial court the discretion to impose an additional prison term ranging from one to ten years "upon specific findings concerning the likelihood that the appellant would recidivate and the seriousness of his conduct." State v. McCoy (Nov. 9, 2001), 1st Dist. Nos. C-000659 C-000660. See also, State v. Elkins,148 Ohio App.3d 370, 2002-Ohio-2914, at ¶ 30. However, again the trial court failed to make the requisite findings to support the additional four-year sentence imposed on Appellant.
 {¶ 11} Based upon our findings, the trial court properly imposed a mandatory ten-year prison term on Appellant for his conviction of possession of 110 grams of crack cocaine. However, the trial court erred in failing to make the required findings to sentence Appellant to an additional four years in prison on the major drug offender specification. Furthermore, the trial court erred in failing to make the required findings to sentence Appellant to the maximum prison terms for his convictions for trafficking in cocaine and having weapons while under disability. Therefore, Appellant's second assignment of error is sustained.
 ASSIGNMENT OF ERROR I
"The trial court erred in finding that it must impose a consecutive term of incarceration for a major drug offender specification per R.C.2929.14(D)(3)(b)."
 ASSIGNMENT OF ERROR III
"The trial court erred in sentencing the appellant because the record reflects that the appellant's consitutional right to effective assistance of counsel during his plea and sentencing hearing was violated because trial counsel failed to inform the trial court and offer appropriate objections to the inadequate and improper information presented to and by the trial court regarding the nature and status of the law and sentencing regarding the major drug offender specifications."
 ASSIGNMENT OF ERROR IV
"The appellant's right to effective assistance of counsel as guaranteed by the sixth amendment of the united states constitution was violated due to trial counsel's failure to object to inaccuracies presented to and by the trial court and trial counsel's failure to fully inform the trial court and appellant on [the] nature of the law regarding major drug offender specifications."
 {¶ 12} Given our resolution of Appellant's second assignment of error, the arguments raised by his first, third and fourth assignments of error are moot, and we decline to address them. See App.R. 12(A)(1)(c).
 III. {¶ 13} Appellant's second assignment of error is sustained, and his first, third, and fourth assignments of error are rendered moot and not addressed. Appellant's maximum sentences for two counts of trafficking in cocaine and one count of having weapons while under disability, and Appellant's additional four-year sentence imposed as a result of his major drug offender classification are vacated. This cause is remanded to the Summit County Court of Common Pleas for re-sentencing in accordance with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, P.J., Slaby, J., Concur.