DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant William B. O'Neal appeals from his convictions and sentences in the Medina County Court of Common Pleas. This Court affirms.
 I {¶ 2} On October 13, 2004, O'Neal was involved in the shooting of Tina Harrell at Christie's Cabaret. Harrell survived the shooting, and O'Neal was indicted on: (1) two counts of attempted murder; (2) three counts of kidnapping; (3) one count of felonious assault; (4) one count of carrying a concealed weapon; *Page 2 
(5) one count of illegal possession of a firearm in a liquor permit premises; and (6) eight firearm specifications. O'Neal initially pled not guilty to all of the charges.
 {¶ 3} On May 17, 2005, O'Neal withdrew his not guilty plea and pled guilty to the following charges: (1) two counts of kidnapping pursuant to R.C. 2905.01(A)(2); (2) one count of kidnapping pursuant to R.C.2905.01(A)(3); (3) one count of felonious assault pursuant to R.C.2903.11(A)(1); (4) one count of felonious assault pursuant to R.C.2903.11(A)(2); (5) one count of carrying a concealed weapon pursuant to R.C. 2923.12(A)(2); and (6) one count of illegal possession of a firearm in a liquor permit premises pursuant to R.C. 2923.121(A). All of the charges except for the carrying a concealed weapon charge also contained firearm specifications to which O'Neal pled guilty. The trial court sentenced O'Neal while the Ohio sentencing guidelines were still in effect, but this Court reversed O'Neal's sentence and remanded his case for resentencing after the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See State v. O'Neal, 9th Dist. No. 05CA0076-M, 2006-Ohio-1904.
 {¶ 4} Upon remand, O'Neal made two oral motions to withdraw his guilty plea. He also made an oral motion for the judge to recuse himself. The trial court denied O'Neal's motions and sentenced him to the same amount of time that he received in his original sentence, a total of thirteen years in prison. O'Neal appealed from his resentencing, but this Court dismissed his appeal for lack of a final appealable order. See State v.O'Neal, 9th Dist. No. 06CA0056-M, *Page 3 2007-Ohio-2266. Subsequently, the trial court issued a nunc pro tunc journal entry and O'Neal filed another notice of appeal. O'Neal's appeal is now properly before this Court. He raises four assignments of error for our review.
 II Assignment of Error Number One "IN RE-SENTENCING THE DEFENDANT TO THE SENTENCE ORIGINALLY IMPOSED THE COURT VIOLATED THE DEFENDANT'S DUE PROCESS RIGHTS BY RETROACTIVELY APPLYING THE FOSTER DECISION IN THE INSTANT CASE."
 {¶ 5} In his first assignment of error, O'Neal argues that the trial court's retroactive application of Foster prejudiced his due process rights. However, O'Neal's counsel conceded this assignment of error at oral argument, noting that this Court already has held thatFoster's retroactive application is constitutional. See State v.Hildreth, 9th Dist. No. 06CA008879, 2006-Ohio-5058, at ¶ 10, citingState v. Newman, 9th Dist. No. 23038, 2006-Ohio-4082. We once again note that we are bound by Foster and trust that the Ohio Supreme Court "would not direct us to violate the Constitution." Newman at ¶ 11, citingU.S. v. Wade (C.A. 8, 2006), 435 F.3d 829, 832. O'Neal's first assignment of error is overruled. Assignment of Error Number Two "THE COURT ERRED WHEN ON TWO SEPARATE OCCASIONS IT DENIED THE DEFENDANTS (sic) MOTION TO WITHDRAW HIS PLEA." *Page 4 
 {¶ 6} In his second assignment of error, O'Neal argues that the trial court erred in denying his oral motions to withdraw his guilty plea. Specifically, O'Neal argues that the trial court abused its discretion when it denied his motions without holding a hearing at which he might present the reasonable and legitimate basis for the withdrawal of his plea.
 {¶ 7} The record reflects that the trial court held two resentencing hearings in this matter; one on May 8, 2006 and one on June 9, 2006. The trial court held the second hearing to clarify the sentence that it imposed upon O'Neal on May 8, 2006. At both hearings, O'Neal informed the trial court that he wished to withdraw his guilty plea. O'Neal's post-remand plea challenge constituted the first instance that he attempted to withdraw his plea. He never filed a post-sentence Crim.R. 32.1 motion in the trial court prior to appealing. Nor did he challenge his plea in a separate assignment of error on his first direct appeal. Rather, O'Neal waited to challenge his plea upon remand after this Court vacated his initial sentence and remanded to the trial court specifically for resentencing. He now directly appeals from the trial court's denial of his motion to withdraw.
 {¶ 8} In the past, this Court has taken inconsistent approaches when confronted with the issue that O'Neal's appeal presents. We have reviewed the case law in this area and have found that the Ohio Supreme Court has never directly addressed the issue of whether a defendant may file a motion to withdraw for the first time upon a remand to the trial court for resentencing. Accordingly, *Page 5 
we now review our previous approaches to this issue and clarify the law that applies.
 {¶ 9} In State v. Newman ("Newman II"), 9th Dist. No. 21970,2004-Ohio-5180, we applied a pre-sentence standard to the trial court's denial of Newman's post-remand motion to withdraw his plea. Newman initially appealed to this Court solely on the basis of his sentence. See State v. Newman ("Newman I "), 9th Dist. No. 20981, 2002-Ohio-4250. Although we affirmed Newman's sentence, the Ohio Supreme Court reversed that sentence on the basis of State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, and remanded the matter to the trial court for resentencing. See State v. Newman (2003), 100 Ohio St.3d 24. Upon remand, Newman filed a motion to withdraw his plea, which the trial court denied. Newman appealed the trial court's ruling, arguing that a pre-sentence standard should govern his motion. We fully analyzed Newman's argument on appeal, noting that such pre-sentence plea withdrawals should be "freely and liberally granted" and reviewing the trial court's order for an abuse of discretion. See *Page 6 Newman II at ¶ 5-14. While our approach in Newman II was consistent with the approach taken by several other districts,[1] we employed a different approach the next time the issue presented itself.
 {¶ 10} In State v. Roper ("Roper II"), 9th Dist. No. 22988,2006-Ohio-3661, we determined that the trial court lacked jurisdiction to consider Roper's post-remand motion to withdraw his plea. After considering Roper's direct appeal, we vacated his sentence and remanded the matter to the trial court for the sole purpose of resentencing. SeeState v. Roper ("Roper I "), 9th Dist. No. 22102, 2005-Ohio-13. On remand, however, Roper filed a motion to withdraw his plea. The trial court held a hearing on Roper's motion and eventually denied it. Roper then appealed that denial to this Court. In Roper II, we explained that the scope of our mandate limited the jurisdiction of the trial court upon remand because we remanded Roper's case solely for the purpose of resentencing. Roper II at ¶ 10-12. Consequently, the trial court lacked jurisdiction to consider Roper's motion because taking that action would have been inconsistent with our mandate. Id. *Page 7 
 {¶ 11} Based on our review of the law in this area, we find RoperII's logic superior to Newman II's logic. While the Ohio Supreme Court has not addressed this exact issue, it has consistently held that a trial court has no authority to extend or vary the mandate of the appellate court. See Nolan v. Nolan (1984), 11 Ohio St.3d 1, 4;Hopkins v. Dyer, 104 Ohio St.3d 461, 2004-Ohio-6769, at ¶ 1; Briggs v.Pennsylvania RR. Co. (1948), 334 U.S. 304, 306. See, also, State ex rel.Special Prosecutors v. Judges, Court of Common Pleas (1978),55 Ohio St.2d 94. Accordingly, when this Court remands a matter for resentencing, the trial court may not entertain a motion to withdraw a plea. Any consideration of such a motion would be inconsistent with this Court's jurisdiction and our order that the trial court resentence the defendant. Indeed, if a trial court were to grant a defendant's post-remand motion to withdraw his plea, the trial court's order would essentially undo the entire appeal. We do not believe that the law supports such a result. See Nolan, 11 Ohio St.3d at 3, 11 (discussing the law of the case doctrine). See, also, Hopkins at ¶ 15 ("The [law of the case] doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.").
 {¶ 12} Furthermore, we believe that Roper II's holding favors judicial economy while Newman II's holding detracts from it. By freely allowing a defendant to challenge his plea upon remand, a court risks encouraging all *Page 8 
defendants whose cases are remanded to do the same. The trial judge would have already sentenced the defendant once, thereby vesting him with the knowledge of the court's sentencing tendencies. Such a defendant would be sorely tempted to risk his fate with a jury rather than follow through with a resentencing that might result in the exact same sentence. In other words, if given the option to file a post-remand motion to withdraw a plea, many defendants might file such a motion even though they never considered doing so before or immediately after their initial sentence pursuant to Crim.R. 32.1. We find this perverted result to be entirely inconsistent with the relief that Crim.R. 32.1 was intended to afford. See State v. Iafornaro, 9th Dist. No. 01CA007967, 2002-Ohio-5550, at ¶ 10, citing State v. Caraballo (1985),17 Ohio St.3d 66, 67 (explaining that a stricter standard of review applies to post-sentence motions to withdraw pleas so as to discourage defendants from testing the severity of their sentences).
 {¶ 13} In sum, we believe that Roper II dictates the result in this appeal. To the extent that our past precedents, including NewmanII, conflict with this result, those cases are overruled. Once we remanded O'Neal's case for the purpose of resentencing, the trial court was obligated to follow our mandate. The trial court lacked jurisdiction to consider O'Neal's motion to withdraw his plea and therefore erred in ruling on the motion. See Roper II at ¶ 10-11. Since the trial court eventually denied the motion and resentenced O'Neal, however, the error was harmless. Id. at ¶ 12. O'Neal's second assignment of error lacks merit. *Page 9 
 Assignment of Error Number Three "THE COURT ERRED WHEN IT DENIED, ON TWO SEPARATE OCCASIONS THE DEFENDANT'S MOTIONS OF RECUSAL."
 {¶ 14} In his third assignment of error, O'Neal argues that the trial judge was obligated to recuse himself Specifically, O'Neal claims that the judge formed an opinion about O'Neal's resentencing and demonstrated "that he was inclined to treat [O'Neal] in a severe manner[.]"
 {¶ 15} Apart from the fact that O'Neal has not cited to a scintilla of evidence in the record that demonstrates the trial court's alleged bias towards him, this Court is without authority to rule on this alleged error. A party may not simply ask a trial judge to voluntarily recuse himself and then raise the issue on appeal when the trial judge refuses. As our sister court has noted:
 "Where the trial court refuses to recuse itself * * * appellant must follow the disqualification procedure in the Supreme Court. He cannot forgo this procedure and appeal the issue to the court of appeals in order to avoid Supreme Court jurisdiction over the issue." State v. Drummond, 7th Dist. No. 05MA197, 2006-Ohio-7078, at ¶ 106.
The procedure for seeking disqualification of a judge is set forth in R.C. 2701.03. See State v. Ramos (1993), 88 Ohio App.3d 394, 398. Matters of disqualification of trial judges lie within the exclusive jurisdiction of the chief justice of the Supreme Court of Ohio and his designees. Kondrat v. Ralph Ingersoll Publishing Co. (1989),56 Ohio App.3d 173, 174. This Court is without authority to review a *Page 10 
matter involving the disqualification of a judge. Id., citing Beer v.Griffith (1978), 54 Ohio St.2d 440, 441-42.
 {¶ 16} O'Neal did not follow the disqualification procedures set forth in R.C. 2701.03. We cannot remedy his failure by considering the matter because we are without authority to do so. O'Neal's third assignment of error is overruled.
 Assignment of Error Number Four "[T]HE COURT ERRED WHEN IT RELIED UPON THE INCOMPLETE, INACCURATE AND ERRONEOUS INFORMATION IN THE PSI REPORT AS PART OF ITS CONSIDERATION IN IMPOSING ITS SENTENCE."
 {¶ 17} In his fourth assignment of error, O'Neal argues that the trial court erred in relying on his pre-sentence investigation ("PSI") report. O'Neal claims that the report contained "inaccurate and misleading information," which "impacted on the length and severity of [his] sentence." We disagree.
 {¶ 18} Post-Foster, this Court reviews felony sentences under an abuse of discretion standard. State v. Windham, 9th Dist. No. 05CA0033,2006-Ohio-1544, at ¶ 12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. *Page 11 
 {¶ 19} O'Neal argues that the PSI report erroneously indicated that he was not a first time offender when in fact he was. However, the record reflects that during sentencing the trial court stated the following:
 "Mr. O'Neal, when the Court ordered this sentence, it believed it was consistent with the gut shooting of the victim in the matter and not with any previous convictions you may or may not have had. The Court isn't considering those at all. What happened that day in that bar, the danger to all of the folks that were there, yourself, the victim, the police officers, citizens, bystanders, the extremely frightening nature of that day, this Court believes requires a thirteen-year sentence, and that's the reason I'm doing it."
Thus, the trial court specifically noted that it sentenced O'Neal based on the egregiousness and seriousness of his conduct rather than any information in the PSI report. There is no evidence in the record to suggest that the trial court relied on the PSI report in sentencing O'Neal. Accordingly, O'Neal's argument that the trial court abused its discretion in relying on the PSI report is meritless. O'Neal's fourth assignment of error is overruled.
 III {¶ 20} O'Neal's four assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 12 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
CARR, P. J., MOORE, J., CONCUR.
[1] Other districts also have used a pre-sentence standard in such cases. See State v. Ziefle, 11th Dist. No. 2007-A-0019, 2007-Ohio-5621, at ¶ 8 (explaining that "when an appellate court reverses and vacates a sentence, * * * the original sentence is rendered void [and] the trial court must resentence the defendant `as if there had been no original sentence.'"), quoting State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, at ¶ 16; State v. Sage, 2d. Dist. No. 22078, 2007-Ohio-6353, at ¶ 16-17
(finding it error, albeit harmless, to employ a post-sentence standard after a Foster remand); State v. Harper, 10th Dist. No. 06AP-733,2007-Ohio-2590, at ¶ 15-18 (applying pre-sentence standard on appeal after Foster remand). *Page 1