DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Adolph Brown, appeals the judgment of the Summit County Court of Common Pleas, which granted the State's motion to dismiss and denied Brown's petition for post-conviction relief. This Court affirms.
 I. {¶ 2} In 2006, Brown was indicted on eight various counts, including several drug-related charges. He filed a motion to suppress and the trial court scheduled the matter for hearing. When Brown failed to appear for the suppression hearing, the trial court denied his motion on those grounds. Brown subsequently retained alternate counsel who requested that the court reschedule the suppression hearing. The trial court denied the request, and Brown's attorney subsequently refiled a motion to suppress. The trial court denied the second motion without a hearing. *Page 2 
 {¶ 3} The case proceeded to trial, after which the jury found Brown guilty of five counts. The trial court sentenced him accordingly. Brown timely appealed his convictions. He argued that there was insufficient evidence to support his conviction for trafficking in cocaine in the vicinity of a school and that the trial court abused its discretion by denying his motion to suppress without a hearing. This Court overruled both assignments of error and affirmed the trial court's judgment.State v. Brown, 9th Dist. No. 23637, 2008-Ohio-2670, at ¶ 35.
 {¶ 4} On January 14, 2008, Brown filed a petition to vacate or set aside judgment and sentence pursuant to R.C. 2953.21 et seq. He argued that he was wrongfully convicted due to bias by the trial court judge and the ineffective assistance of counsel. He appended several documents to his petition, including his affidavit verifying the accuracy of the petition; the affidavit of a co-defendant who averred that she attempted to obtain a transcript of her own suppression hearing but was denied; a copy of the search warrant authorizing the search of his home; the affidavit in support of the search warrant; the receipt/inventory from the search; the trial court's order in a co-defendant's case in which the judge ordered the State to provide the evidence for an independent drug analysis; the co-defendant's motion to suppress; the journal entry scheduling a hearing on the co-defendant's motion to suppress; the trial court's ruling on the co-defendant's motion to suppress in which the judge denied the motion; and copies of the Summit County Clerk of Courts on-line dockets for criminal case number CR-2006-07-2588 B (the co-defendant's case) and for court of appeals case number CA-23637 (Brown's initial appeal). Brown requested an evidentiary hearing on his petition to consider evidence outside the record. *Page 3 
 {¶ 5} On January 16, 2008, the State filed a motion to dismiss Brown's petition for post-conviction relief and requested that the petition be denied without a hearing. On January 25, 2008, Brown filed a response in opposition to the State's motion to dismiss.
 {¶ 6} On January 18, 2008, Brown filed a motion for the court reporter to make the transcript of his co-defendant's suppression hearing available to him. On January 30, 2008, the State filed a memorandum in opposition, arguing that the trial court denied the co-defendant's motion to suppress so that the transcript "can be of no benefit to defendant." On February 11, 2008, Brown replied to the State's memorandum in opposition. The trial court denied Brown's motion for the transcript.
 {¶ 7} On February 14, 2008, the trial court issued a judgment entry, granting the State's motion to dismiss and denying Brown's petition for post-conviction relief. Brown timely appeals, raising three assignments of error for review. This Court consolidates some assignments of error to facilitate discussion.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED DISMISSING THE PETITION WITHOUT PROVIDING THE PARTIES ADEQUATE DUE PROCESS NOTICE BEFORE DISMISSING THE PETITION."
 {¶ 8} Brown argues that the trial court erred by dismissing his petition for post-conviction relief without notice. This Court disagrees.
 {¶ 9} Brown cites case law regarding dismissals upon default and pursuant to Civ. R. 41(B)(1), neither of which is relevant to this matter.
 {¶ 10} R.C. 2953.21(D) provides that the State shall respond to the petition within ten days "by answer or motion." In this case, the State responded by filing a motion to dismiss. *Page 4 
Brown took advantage of the opportunity to respond in opposition to the State's motion, and the trial court did not rule on the petition or motion for another three weeks. Brown has cited no authority, nor does this Court find any, to demonstrate how the trial court under these circumstances deprived the parties of due process before denying Brown's petition and granting the State's motion to dismiss. Brown's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION DISMISSING THE PETITION WHEN EVIDENCE WAS OFFERED OUTSIDE THE RECORD AND THE COURT FAILED TO CONDUCT A HEARING."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN THE COURT FAILED TO CONDUCT A HEARING TO DEMONSTRATE IF THE ORIGINAL TRIAL JUDGE EXHIBITED ANY BIAS AGAINST THE PETITIONER."
 {¶ 11} Brown argues that the trial court abused its discretion by denying his petition without a hearing where his claim of ineffective assistance of counsel could not have been raised on direct appeal, yet could be substantiated by evidence outside the record. Brown further argues that the trial court abused its discretion by denying his petition without hearing where his claim of judicial bias could not have been raised on direct appeal, yet could be substantiated by evidence outside the record. This Court finds the arguments to be not well taken.
 {¶ 12} The Ohio Supreme Court recently reiterated:
 "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." State v. White, 118 Ohio St.3d 12, 2008-Ohio-1623, at ¶ 45, quoting State v. Gondor, 112 Ohio St.3d 377, 2006-Ohio-6679.
An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), *Page 5 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 13} The Ohio Supreme Court has held:
 "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." State v. Calhoun (1999), 86 Ohio St.3d 279, paragraph two of the syllabus.
Ineffective assistance of counsel {¶ 14} In his petition for post-conviction relief, Brown argued that his trial counsel was ineffective for failing to protect him from an unlawful search and seizure, "especially after Brown's co-[defendant] was provided such a hearing." To establish the existence of ineffective assistance of counsel, Brown must satisfy a two-pronged test:
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Hoehn, 9th Dist. No. 03CA0076-M, 2004-Ohio-1419, at ¶ 43, quoting Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674.
 {¶ 15} Brown bears the burden of proving that counsel's assistance was ineffective. Hoehn at ¶ 44; see, also, State v. Smith (1985),17 Ohio St.3d 98, 100. In this regard, there is a "strong presumption that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v. Watson (July 30, 1997), 9th Dist. No. 18215. In addition, "debatable trial tactics do not give rise to a claim for ineffective assistance of counsel." Hoehn at ¶ 45; see, also,State v. Clayton (1980), 62 Ohio St.2d 45, 49. Even if this Court questions trial *Page 6 
counsel's strategic decisions, we must defer to his judgment. Id. The Ohio Supreme Court has stated:
 "`We deem it misleading to decide an issue of competency by using, as a measuring rod, only those criteria defined as the best of available practices in the defense field.' *** Counsel chose a strategy that proved ineffective, but the fact that there was another and better strategy available does not amount to a breach of an essential duty to his client." Id. quoting State v. Lytle (1976), 48 Ohio St.2d 391, 396.
 {¶ 16} It is well established that a trial court may take judicial notice of prior proceedings in the immediate case before it. State v.Reeves (Jun. 22, 1977), 9th Dist. No. 8402, at *5. In the instant case, Brown filed a motion to suppress on September 6, 2006. On October 3, 2006, the trial court issued an order scheduling the motion for hearing on October 13, 2006. A capias was issued for Brown's arrest on October 13, 2006, when he failed to appear for the hearing. Accordingly, the record indicates that it was Brown himself who failed to vindicate his right to be free from an unlawful search and seizure.
 {¶ 17} The record further indicates that Brown's alternate counsel refiled the motion to suppress on January 26, 2007, indicating that counsel took affirmative steps to protect Brown's constitutional rights. The trial court denied that motion without hearing upon finding that the motion was not timely and that Brown previously had the opportunity to be heard on a motion to suppress, yet he failed to appear to prosecute the motion. This Court overruled his assignment of error on appeal regarding the trial court's denial of his motion to suppress without hearing. Brown at ¶ 34.
 {¶ 18} Finally, Brown appended the trial court's ruling on his co-defendant's motion to suppress to his petition. The trial court denied the co-defendant's motion to suppress.
 {¶ 19} Under these circumstances, the trial court did not abuse its discretion by denying his petition without a hearing upon its finding that Brown failed to "set forth sufficient operative *Page 7 
facts to establish substantive grounds for relief." SeeCalhoun, 86 Ohio St.3d at paragraph two of the syllabus. Specifically, Brown offered no evidence that counsel's performance was deficient. In fact, counsel attempted to persuade the trial court to consider a second motion to suppress after it denied the first one for Brown's failure to appear at the scheduled hearing. The second assignment of error is overruled.
Judicial bias {¶ 20} In his petition for post-conviction relief, Brown asserted that the impartiality of a trial court judge constitutes structural error, which defies harmless-error analysis and permeates the proceedings with unreliability, contrary to the defendant's constitutional rights. Specifically, Brown argued that the original trial court judge's "rulings favored Brown's co-defendant and [the judge] held unfavorable decisions against Brown." Brown asserted that his co-defendant "was granted a suppression order and [she] was acquitted of her charges."
 {¶ 21} The evidence Brown appended to his petition does not bear out his assertions. He failed to identify with specificity which rulings might have favored his co-defendant at his expense. Further, the trial court's ruling on the co-defendant's motion to suppress clearly demonstrates that the trial court judge denied that motion.
 {¶ 22} Brown further argued that the trial court judge evidenced bias when she refused to hold a hearing on his motion to suppress because the "search warrant affiant failed to timely file the inventory according to [Crim. R. 41(D)]." Crim. R. 41(D) states in relevant part:
 "The officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken ***. The return shall be made promptly and shall be accompanied by a written inventory of any property taken."
 {¶ 23} The search warrant appended to Brown's petition was issued on July 19, 2006. The receipt/inventory attached indicates that the officer left a copy of the receipt at the place *Page 8 
from where the property was taken the same day it was removed. The receipt/inventory, however, was not filed until October 10, 2006. The Ohio Supreme has held that "[t]he failure to return a search warrant to the properly designated judge and to prepare an inventory pursuant to Crim. R. 41(D) and (E) does not render inadmissible the evidence seized pursuant to the warrant." State v. Downs (1977), 51 Ohio St.2d 47, paragraph eight of the syllabus; see, also, State v. Givens (1983), 14 Ohio App.3d 2, 3. Assuming arguendo that the inventory's return was not effected promptly, the delay would not have rendered the evidence inadmissible. Accordingly, Brown did not establish that the trial court judge denied him a hearing on his motion to dismiss because she thought he would prevail based on the inventory's return date. Therefore, his evidence failed to demonstrate bias by the judge. Under these circumstances, the trial court did not abuse its discretion by denying his petition without a hearing upon its finding that Brown failed to "set forth sufficient operative facts to establish substantive grounds for relief." See Calhoun, 86 Ohio St.3d at paragraph two of the syllabus. Brown's third assignment of error is overruled.
 III. {¶ 24} Brown's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 9 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 SLABY, J., DICKINSON, J., CONCUR. *Page 1