DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Emily and Mark Dennie ("Dennies") and Jeanette McClincey ("McClincey"), appeal the judgment of the Lorain County Court of Common Pleas which entered a directed verdict dismissing one of their claims, judgment against them as to their remaining claims, and against them on Appellee's, Hurst Construction, Inc. ("Hurst"), counterclaim.
 I. {¶ 2} In August of 2002, Appellants entered into a verbal agreement with Accutech Designs, Ltd. ("Accutech"), to compose floor plans for the renovation and addition to a home located at 3871 Stoney Ridge Rd. in Avon, Ohio. In December of 2002, upon Accutech's referral, Appellants entered into a contract with Hurst to construct an addition based on the floor plans provided by Accutech. In November of 2003, Appellants signed a Certificate of Substantial Completion, and moved into the home on November 30, 2003. *Page 2 
 {¶ 3} On June 8, 2004, Appellants filed a complaint naming Accutech and Hurst as defendants stemming from problems that ensued from the home renovation. On June 9, 2004, Appellants filed an amended complaint. On August 30, 2004, Hurst filed a counterclaim against Appellants for breach of contract. Prior to trial, Appellants and Accutech reached an agreement, and Accutech was dismissed from the action with prejudice.
 {¶ 4} On October 3, 2006, the jury trial began. After opening statement, Hurst moved for "a directed verdict in favor of the Defendant as it relates to the cause of action for the Ohio Consumer Sales Practice Act." The trial court denied the motion. On the third day of trial, after Appellants rested, Hurst again moved for a directed verdict on the Consumer Sales Practices Act ("CSPA") causes of action. The trial judge granted the motion the same day. On October 10, 2006, the jury returned a verdict "in favor of Defendant, Hurst Construction, and against Plaintiffs on the counterclaim for breach of contract and award compensatory damages in the amount of $1120.00." Appellants timely appeal, setting forth four assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFFS WHEN IT DISMISSED PLAINTIFFS' CAUSES OF ACTION UNDER THE CONSUMER SALES PRACTICES ACT."
 {¶ 5} Appellants argue that the trial court erred in granting Hurst's motion for a directed verdict as to their claims under R.C. Chapter 1345, otherwise known as the CSPA. This Court agrees. *Page 3 
 {¶ 6} "An appellate court reviews a trial court's ruling on a motion for a directed verdict de novo, as it presents an appellate court with a question of law." Jarvis v. Stone, 9th Dist. No. 23904, 2008-Ohio-3313, at ¶ 7.
 {¶ 7} The standard for granting a directed verdict is well established, and is found in Civ. R. 50(A)(4) which provides:
 "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
Furthermore, when deciding such a motion, the trial court is not to consider either the weight of the evidence or credibility of witnesses.Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 284. "Instead, `[w]hen a motion for a directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to the jury.'" Carter v. Cleveland (1998), 83 Ohio St.3d 24,33, quoting Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68. Finally, "if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion [for a directed verdict] must be denied." Hawkins v. Ivy (1977), 50 Ohio St.2d 114, 115.
 {¶ 8} "The general provisions of the [CSPA] prohibit unfair, deceptive, or unconscionable acts or practices in consumer transactions. R.C. 1345.02; R.C. 1345.03." Gugliotta v. Morano, 161 Ohio App.3d 152,2005-Ohio-2570, at ¶ 33. Furthermore, "[c]onsumer transactions are defined as `a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise or an intangible, to an individual for purposes that are primarily personal, family or household, or solicitation to supply any of these things.'" Id., *Page 4 
quoting 1345.01(A). The CSPA is remedial in nature, and is to be liberally construed in favor of the consumer. Einhorn v. Ford MotorCo. (1990), 48 Ohio St.3d 27, 29.
 {¶ 9} However, while "the case law generally focuses on `deceptive' acts, presumably because the fact patterns involve some sort of false or misleading representations[,] * * * R.C. 1345.02(A) also expressly prohibits `unfair' acts or practices." Saraf v. Maronda Homes, Inc. ofOhio, 10th Dist. No. 02AP-461, 2002-Ohio-6741, at ¶ 58. Additionally, and in the alternative, unconscionable actions are prohibited by R.C. 1345.03. Furthermore, this Court has refused to hold "that a failure to disclose information in the absence of an affirmative representation that is false or inaccurate can never give rise to an actionable claim under the CSPA." Bellinger v. Hewlett Packard Co. (Apr. 10, 2002), 9th Dist. No. 20744.
 {¶ 10} In the case before this Court, Appellants argued that Hurst committed deceptive, unfair and unconscionable acts in violation of the CSPA by performing substandard work; by unreasonably delaying performance; and by including contractual provisions that were substantially one-sided in favor of Hurst.
 {¶ 11} However, the trial court only addressed whether deceptive acts had taken place. In ruling, the trial court provided:
 "This court has not heard any evidence presented to a deceptive or unfair act. This Court — the Defendant may have made some mistakes during the construction phase is as to be guilty of possibly breach of contract, and that remains to be a jury question. This does not necessarily mean that because there is a breach, there was a deceptive act. Court has searched its notes and can find no deceptive practices or any untruths. * * * Based upon this [sic] observations and the evidence that was presented, this Court will deny — will grant the motion for directed verdict as far as the Consumer Sales Practices Act is concerned only."
While the trial court mentioned the word "unfair", it only analyzed whether there was any evidence of deception or deceptive actions on the part of Hurst. In addition, the trial court failed *Page 5 
altogether to consider whether the Dennies and McClincey presented evidence of unconscionable practices on the part of Hurst. In doing so, the trial court not only dismissed the claims based on Hurst's alleged deception, but also the claims based on its actions that were alleged to be "unfair" and "unconscionable." Essentially, the trial court dismissed all of the CSPA causes of action, but only analyzed one of the ways Appellants argued the statute had been violated.
 {¶ 12} Furthermore, it has been upheld on appeal that it was a violation of "R.C. 1345.02 and 1345.03 for failing to perform work in a workmanlike manner." Millington v. Financing Solutions, Inc., 3d Dist. No. 2-07-37, 2008-Ohio-3229, at ¶ 52. In addition, "Ohio courts have determined that `[a] supplier in connection with a consumer transaction who consistently maintains a pattern of inefficiency, incompetency, or continually stalls and evades his legal obligations to consumers, commits an unconscionable act and practice in violation of the Ohio Consumer Sales Practices Act[.]'" Lump v. Best Door and Window,Inc. (Mar. 27, 2002), 3d Dist. Nos. 8-01-09 8-01-10, quoting Brown v.Lyons (1974), 43 Ohio Misc. 14, paragraph two of syllabus.
 {¶ 13} Having failed to address the "unfair" and "unconscionable" claims of Appellants, the trial court did not determine whether "reasonable minds could come to but one conclusion upon the evidence submitted" that Hurst was entitled to a directed verdict on those causes of action. Accordingly, Appellants' first assignment of error is sustained, and their claims involving the violation of the CSPA are reversed and remanded.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFFS WHEN IT FAILED TO RENDER JUDGMENT IN FAVOR OF PLAINTIFFS ON PARAGRAPHS 31 AND 32 OF THE COMPLAINT." *Page 6 
 {¶ 14} Appellants argue that the court erred in failing to find paragraphs 7 and 13 of their contract with Hurst to be unfair trade practices under the CSPA. However, we decline to address the merits of this assignment of error. As this Court's ruling on Appellants' first assignment of error is dispositive as to all of the Appellants' claims under the CSPA, this argument falls under that ruling and is rendered moot.
 ASSIGNMENT OF ERROR III "THE TRIAL JUDGE ERRED IN ENGAGING IN AN OBVIOUS IMPROPRIETY, IN UNDERMINING CONFIDENCE IN THE COURT, AND IN FAILING TO RECUSE HIMSELF ALL TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFFS."
 {¶ 15} Appellants argue that the trial judge erred in failing to recuse himself after he engaged in a colloquy during trial with an owner of the defendant company. During the colloquy, counsel for appellants overheard the judge and Mr. Hurst speaking about a potential contractual relationship at the summation of the trial, and overheard the judge tell Mr. Hurst that he would call him after the case was over. The trial judge acknowledged that such an exchange happened, but denied Appellants' motion to recuse because the conversation "was done outside of the hearing of the jury. They weren't here. And they're the ones that make this decision." The disputed conversation was held after the trial judge granted Hurst's motion for a directed verdict.
 {¶ 16} "This court lacks jurisdiction to hear the [] allegations regarding the trial judge's alleged bias and prejudice in violation of the Code of Judicial Conduct." Wilburn v. Wilburn, 169 Ohio App.3d 415,2006-Ohio-5820, at ¶ 10. "`[A]ny allegations of judicial misconduct are not cognizable on appeal, but [are] a matter properly within the jurisdiction of the Disciplinary Counsel.'" Id., quoting Szerlip v.Spencer (Mar. 14, 2002), 5th Dist. No. 01CA30. Likewise, "[t]his Court is without authority to review a matter involving the disqualification of a judge." *Page 7 State v. O'Neal, 9th Dist. No. 06CA0056-M, 2008-Ohio-1325, at ¶ 15.[1]
"The procedure for seeking disqualification of a judge is set forth in R.C. 2701.03[,] Id., and such "[m]atters of disqualification of trial judges lie within the exclusive jurisdiction of the chief justice of the Supreme Court of Ohio and his designees." Id., citing Kondrat v. RalphIngersoll Publishing Co. (1989), 56 Ohio App.3d 173, 174. See, also, Section 5(C), Article IV, Ohio Constitution. Therefore, we are without authority to address Appellants' claims involving the trial judge's alleged misconduct or his denial of Appellants' motion to recuse.
 {¶ 17} Appellants' third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV "DEFENDANT'S COUNSEL ACTED IMPROPERLY IN HIS CROSS EXAMINATION OF PLAINTIFF MCCLINCEY AND CHARACTERIZATION OF HER, AND THE TRIAL COURT ERRED IN PERMITTING SAID MISCONDUCT, ALL TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFFS."
 {¶ 18} Appellants argue that the trial court erred in allowing Hurst to characterize Mrs. McClincey "as a rich heiress `banker[,]'" and in allowing allegedly irrelevant questions about how she obtained ownership of the of the residence in question.
 {¶ 19} "The character and extent of cross-examination regarding an appropriate subject matter is within the sound discretion of the trial court." Klausman v. Klausman, 9th Dist. *Page 8 
No. 21718, 2004-Ohio-3410, at ¶ 40, citing State v. Kish, 9th Dist. No. 02CA008146, 2003-Ohio-2426, at ¶ 9. Furthermore, "[a]n appellate court may not interfere with a trial court's decision absent an abuse of discretion." Klausman at ¶ 40, citing Kish at ¶ 12. Abuse of discretion entails more than a mere error in judgment and "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 20} In the case sub judice, Appellants simply argue that Hurst was allowed to ask "irrelevant questions concerning whether the Dennies * * * had repaid Mrs. McClincey[,]" and that Hurst portrayed Mrs. McClincey "as a rich heiress `banker[.]'" When ruling on the Appellant's first objection to the allegedly irrelevant questioning, the court overruled the objection and provided the reasoning that counsel's question went to the issue of ownership of the premises. Later, when the Appellants again objected to the same line of questioning involving how McClincey acquired the property, the trial court reminded Appellants' counsel that there is "wide open cross-examination in the State of Ohio, sir [.]" Such actions do not show conduct on the part of the trial court which was inappropriate, let alone that which rises to the level of unreasonable, arbitrary or unconscionable behavior.
 {¶ 21} Appellants' fourth assignment of error is overruled.
 III. {¶ 22} Appellants' first assignment of error is sustained. Appellants' second assignment of error is moot. Appellants' third and fourth assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part. Appellants' claims involving the Consumer Sales Practices Act are remanded for further proceedings. *Page 9 
Judgment affirmed, in part, reversed, in part, and cause remanded.
[1] It is important to note that circumstances can arise where this Court may address improper actions of a trial court judge on appeal.State v. Brown, 9th Dist. No. 24119, 2008-Ohio-5846, at ¶ 20-23;Conti v. Spitzer Auto World Amherst, Inc, 9th Dist. No. 07CA009121,2008-Ohio-1320, at ¶ 25-27, State v. Sellers, 173 Ohio App. 3d 60,2007-Ohio-4681, at ¶ 11. Such situations can arise where bias by a trial judge permeates the proceedings and manifests in a way that denies parties their right to due process, therefore allowing for review on appeal. Here, however, Appellants couched their argument in terms of the trial judge's misconduct and his denial of their motion for recusal, so we addressed their claims on that basis.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed equally to both parties. .
DICKINSON, J. CONCURS