[Cite as *Clough v. Bilancini*, 2014-Ohio-2722.]

STATE OF OHIO         )               IN THE COURT OF APPEALS
                        )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

ALAN CLOUGH                  C.A. No.      13CA010399

      Appellant

      v.                          APPEAL FROM JUDGMENT
                                  ENTERED IN THE
JUDGE DARREL A. BILANCINI     AVON LAKE MUNICIPAL COURT
                                  COUNTY OF LORAIN, OHIO
      Appellee                CASE No.    13CVI00047

DECISION AND JOURNAL ENTRY

Dated: June 23, 2014

---

      HENSAL, Judge.

**{¶1}** Alan Clough appeals a judgment of the Avon Lake Municipal Court that dismissed his complaint against the Honorable Darrel Bilancini. For the following reasons, this Court affirms.

I.

**{¶2}** In 2010, Mr. Clough sued an insurance company in Avon Lake Municipal Court, alleging it had incorrectly denied his claim for benefits. Following a trial to the bench, the court found in favor of the insurance company. Mr. Clough appealed, but he was unable to obtain a trial transcript because of the poor quality of the audio recording. This Court dismissed his appeal after he failed to submit an appellate brief. Mr. Clough subsequently filed a small claims complaint against his lawyer, but the municipal court found in favor of the lawyer. Mr. Clough then sued Judge Bilancini, the municipal court judge, alleging that he had cited to the wrong doctor's report in his judgment in the insurance benefits case, failed to ensure that the court's

recording equipment was working during the trial, and incorrectly ruled that his attorney had not committed malpractice. An acting judge dismissed Mr. Clough's complaint, concluding that Judge Bilancini had judicial immunity. Mr. Clough has appealed, arguing that the municipal court incorrectly dismissed his complaint.

II.

{¶3} Although Mr. Clough has not set forth an assignment of error in his appellate brief, his argument is that the municipal court incorrectly dismissed his claims against Judge Bilancini. He argues that, in exchange for the court costs that he paid in the insurance case, he was entitled to receive a record of the trial. He also argues that the judge incorrectly determined that his lawyer was not negligent for missing the filing deadline in his appeal. He further argues that Judge Bilancini should have recused himself in the case he brought against his lawyer because it involved one of the judge's prior decisions. Mr. Clough requests a new trial against the insurance company, a refund of his court costs and attorney fees, and a mandate requiring courts to test their recording systems before hearings.

{¶4} As the municipal court noted, "[w]hen a judge acts in an official judicial capacity and has personal and subject-matter jurisdiction over a controversy, the judge is exempt from civil liability even if the judge goes beyond, or exceeds, the judge's authority and acts in excess of jurisdiction." *Borkowski v. Abood*, 117 Ohio St.3d 347, 2008-Ohio-857, paragraph one of the syllabus. "Civil liability attaches only if the judge acts in absence of all jurisdiction." *Id*. "Actions taken by a judge that are determined to be in excess of jurisdiction, resulting from an error in judgment, will not cause a judge to lose immunity." *Id*. at ¶ 6.

{¶5} "The purpose of the doctrine of judicial immunity is 'to preserve the integrity and independence of the judiciary and to insure that judges will act upon their convictions free from

the apprehensions of possible consequences.'" *Id*. at ¶ 16, quoting *Wilson v. Neu*, 12 Ohio St.3d 102, 103 (1984). "The doctrine would fail to serve this essential purpose if a judge was subject to liability for * * * an error of judgment * * *." *Id*. Errors in law or judgment may be corrected on appeal. *Id*., citing *Newdick v. Sharp*, 13 Ohio App.2d 200, 201-202 (4th Dist.1967).

{¶6} Upon review of the record, we conclude that the trial court correctly determined that Judge Bilancini has judicial immunity for the decisions he rendered in Mr. Clough's municipal court cases. To the extent that Mr. Clough is arguing that Judge Bilancini should have recused himself, we note that this Court does not have authority to review that issue. *State v. O'Neal*, 9th Dist. Medina No. 07CA0050-M, 2008-Ohio-1325, ¶ 15. Mr. Clough's assignment of error is overruled.

## III.

{¶7} Because Judge Bilancini is immune from liability, Mr. Clough's arguments are without merit. The judgment of the Avon Lake Municipal Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Avon Lake Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

ALAN CLOUGH, pro se, Appellant.

BRIAN M. SPIESS, Attorney at Law, for Appellee.

KIMBERLY VANOVER RILEY, Attorney at Law, for Appellee.