DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, William B. O'Neal, appeals from the sentencing judgment entry of the Medina County Court of Common Pleas. We reverse.
 I. {¶ 2} Appellant pled guilty to and was convicted of one count of kidnapping, in violation of R.C. 2905.01(A)(2), a first degree felony; one count of felonious assault, in violation of R.C.2903.11(A)(1), a second degree felony, with a firearm specification per R.C. 2941.145; one count of carrying a concealed weapon, in violation of R.C. 2923.12(A)(2), a fourth degree felony; and one count of illegal possession of a firearm in a liquor permit premises, in violation of R.C 2923.121, a fifth degree felony.
 {¶ 3} The trial court sentenced Appellant to a total prison term of 13 years. The sentence included three years for the kidnapping charge and ten years for felonious assault (which included three years for the firearm specification), and the court ordered these terms to be served consecutively. At the sentencing hearing, Appellant preserved for appeal the issue of the constitutionality of the sentencing statutes.
 {¶ 4} Appellant timely appealed from this judgment entry, asserting one assignment of error for review.
 II. Assignment of Error
"THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE PRISON TERMS ON APPELLANT TOTALING THIRTEEN YEARS, BASED ON FACTS OTHER THAN A PRIOR CONVICTION, VIOLATED THE FEDERAL CONSTITUTIONAL REQUIREMENTS SET FORTH IN APPRENDI V. NEW JERSEY AND BLAKELYV. WASHINGTON."
 {¶ 5} In his sole assignment of error, Appellant asserts that the imposition of consecutive prison terms per R.C. 2929.14(E)(4) violated the Sixth Amendment to the United States Constitution by permitting judicial fact finding, as observed by the United States Supreme Court in Apprendi v. New Jersey (2000),530 U.S. 466, 159 L.Ed.2d 435, and Blakely v. Washington (2004),542 U.S. 296, 159 L.Ed.2d 403. Appellant urges this Court to remand the case to the trial court for re-sentencing.
 {¶ 6} The Ohio Supreme Court decided State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, during the pendency of this appeal. In Foster, the Court found R.C. 2929.14(E)(4) unconstitutional and excised this section from the statute. Id. at paragraphs three and four of the syllabus. In addition, the Court excised R.C. 2953.08(G) for the same reason. State v.Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 20, citing Foster at ¶ 97. Ultimately, the Court found that the defendant-appellants were entitled to a new sentencing hearing pursuant to the court's holdings. Foster at ¶ 105.
 {¶ 7} In the instant case, the trial court imposed consecutive sentences pursuant to R.C. 2929.14(E)(4). Thus, pursuant to Foster, we find that the imposition of the sentence in accordance with R.C. 2929.14(E)(4) in this case was unconstitutional, and we remand the case to the trial court for a new sentencing hearing. Foster at paragraph three of the syllabus, following Apprendi, 530 U.S. 466, and Blakely,542 U.S. 296.
 {¶ 8} Appellant's assignment of error is sustained.
 III. {¶ 9} Appellant's sole assignment of error is sustained. The sentencing judgment entry of the Medina County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Carr, P.J., Moore, J., Concur.