[Cite as *State v. O'Neal*, 2012-Ohio-396.]

STATE OF OHIO      )                IN THE COURT OF APPEALS
                       )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA    )

STATE OF OHIO                    C.A. No.      10CA0140-M

      Appellee

      v.                        APPEAL FROM JUDGMENT
                                   ENTERED IN THE
WILLIAM B. O'NEAL           COURT OF COMMON PLEAS
                                   COUNTY OF MEDINA, OHIO
      Appellant               CASE No.     04-CR-0547

## DECISION AND JOURNAL ENTRY

Dated: February 6, 2012

---

DICKINSON, Judge.

### INTRODUCTION

**{¶1}** William O'Neal pleaded guilty to three counts of kidnapping with firearm specifications, two counts of felonious assault, one count of carrying a concealed weapon, and one count of illegal possession of a firearm in a liquor premises. The trial court merged two of the kidnapping counts with the other kidnapping count and one of the felonious assault counts with the other felonious assault count and sentenced Mr. O'Neal to 13 years in prison. This Court reversed his sentence under *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856. After the trial court resentenced him, Mr. O'Neal appealed, but this Court dismissed the appeal because the judgment entry did not comply with Rule 32(C) of the Ohio Rules of Criminal Procedure. Meanwhile, in April 2007, the trial court entered a "Nunc Pro Tunc Judgment Entry." Mr. O'Neal appealed from the nunc pro tunc entry, and this Court upheld his sentence. *State v. O'Neal*, 9th Dist. No. 07CA0050-M, 2008-Ohio-1325. In 2009, Mr. O'Neal moved to invalidate

his sentence, arguing that the court had not properly imposed post-release control. The trial court denied his motion, but this Court reversed, concluding that Mr. O'Neal's sentence was void. *State v. O'Neal*, 9th Dist. No. 09CA0045-M, 2010-Ohio-1252. Before the resentencing hearing, Mr. O'Neal moved to withdraw his plea. He also moved to dismiss the indictment, arguing that the trial court had lost jurisdiction because it took too long to impose a valid sentence. The trial court denied Mr. O'Neal's motions. He has appealed, assigning four errors. We affirm because res judicata bars his allied offenses argument, the trial court did not have authority to consider his motion to withdraw his plea, the court had jurisdiction to resentence him, and his trial lawyer was not ineffective.

## ALLIED OFFENSES

**{¶2}** Mr. O'Neal's first assignment of error is that the trial court incorrectly determined that his kidnapping and felonious assault convictions were not allied offenses. He has argued that the court should have merged the counts under Section 2941.25 of the Ohio Revised Code and *State v. Johnson*, 128 Ohio St. 3d 153, 2010-Ohio-6314.

**{¶3}** In *State v. Singleton*, 124 Ohio St. 3d 173, 2009-Ohio-6434, the Ohio Supreme Court held that, if a trial court did not properly impose post-release control on a defendant whom it sentenced before July 11, 2006, the defendant was entitled to a de novo sentencing hearing. *Id*. at paragraph one of the syllabus. The basis for the Court's decision was its understanding that a sentence that does not properly contain post-release control is void. *Id*. at ¶18 (citing *State v. Simpkins*, 117 Ohio St. 3d 420, 2008-Ohio-1197). We relied on *Singleton* when we concluded in Mr. O'Neal's last appeal that his sentence was void and that he was entitled to a de novo sentencing hearing. *State v. O'Neal*, 9th Dist. No. 09CA0045-M, 2010-Ohio-1252, at ¶14.

{¶4}     After we remanded this case to the trial court, the Ohio Supreme Court changed its position.  In *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, it determined that a sentence that does not correctly impose post-release control is not entirely void, but only the part addressing post-release control is void.  *Id*. at ¶26.  It held that "[t]he new sentencing hearing to which an offender is entitled . . . is limited to proper imposition of postrelease control."  *Id*. at paragraph two of the syllabus.  It also held that "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence."  *Id*. at paragraph three of the syllabus.  It further held that "[t]he scope of an appeal from a resentencing hearing in which a [correct] term of postrelease control is imposed is limited to issues arising at the resentencing hearing."  *Id.* at paragraph four of the syllabus.

{¶5}     Although we remanded this case for a de novo sentencing hearing, under *Fischer*, Mr. O'Neal was only entitled to a limited resentencing hearing on the issue of post-release control.  While our decision was correct at the time it was made and would generally be considered the law of the case, the doctrine of law of the case is only a rule of practice that does not have to be applied under certain circumstances, such as if there has been an intervening decision by the Ohio Supreme Court.  *Nolan v. Nolan*, 11 Ohio St. 3d 1, 3-5 (1984).

{¶6}     Under *Fischer*, Mr. O'Neal may only appeal issues arising from his resentencing, which, under that same case, should have been limited to the proper imposition of post-release control.  *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at paragraphs two and four of the syllabus.  Mr. O'Neal may not contest the trial court's decision not to merge his kidnapping and felonious assault convictions, which is an issue that he could have raised in a prior appeal.  *Id*. at paragraph three of the syllabus.  Mr. O'Neal's first assignment of error is overruled.

## MOTION TO WITHDRAW

{¶7}   Mr. O'Neal's second assignment of error is that the trial court incorrectly denied his motion to withdraw his guilty plea.  He has argued that the court violated his due process rights at the plea colloquy and that he is actually innocent of the felonious assault charges.

{¶8}   In one of Mr. O'Neal's prior appeals, we concluded that, if "this Court remands a matter [solely] for resentencing, the trial court may not entertain a motion to withdraw a plea." *State v. O'Neal*, 9th Dist. No. 07CA0050-M, 2008-Ohio-1325, at ¶11.  As we explained in that case, "[a]ny consideration of such a motion would be inconsistent with this Court's jurisdiction and our order that the trial court resentence the defendant.  Indeed, if a trial court were to grant a defendant's post-remand motion to withdraw his plea, the trial court's order would essentially undo the entire appeal."  *Id*.  Accordingly, because the trial court did not have authority to consider Mr. O'Neal's motion to withdraw his guilty plea, we conclude that the court properly denied it.  Mr. O'Neal's second assignment of error is overruled.

## DELAY IN SENTENCING

{¶9}   Mr. O'Neal's third assignment of error is that the trial court should have dismissed his case because it unreasonably delayed in imposing a valid sentence.  He has argued that, although he was convicted in May 2005, he did not receive a valid sentence until December 2010, five and a half years after his conviction.

{¶10} Under Rule 32(A) of the Ohio Rules of Criminal Procedure, a defendant's "[s]entence shall be imposed without unnecessary delay."  *See also Neal v. Maxwell*, 175 Ohio St. 201, 202 (1963).  We have held, however, that Criminal Rule 32(A) does not apply when an offender must be resentenced. *State v. Robinson*, 9th Dist. No. 25795, 2011-Ohio-6065, at ¶11 (compiling cases).  In *Robinson*, we determined that the trial court had authority to hold a

resentencing hearing to correctly impose post-release control on Mr. Robinson over six years after it initially sentenced him. *Id*. at ¶12. Similarly, we conclude that the trial court had authority to correctly impose post-release control on Mr. O'Neal five years after it first sentenced him. *Id*. The trial court, therefore, correctly denied Mr. O'Neal's motion to dismiss. Mr. O'Neal's third assignment of error is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

{¶11} Mr. O'Neal's fourth assignment of error is that he received ineffective assistance of counsel while his case was on remand for resentencing. He appears to have asserted this assignment of error out of an abundance of caution, arguing that, "[i]n the event . . . the issues presented . . . [were] somehow waived by previous counsel's failure to raise them to the trial court before re-sentencing, then this Court must consider whether Mr. O'Neal was thereby denied the effective assistance of counsel in the proceedings following [his] motions for re-sentencing."

{¶12} As we have explained above, because the trial court did not correctly impose post-release control, its judgment was void in part and Mr. O'Neal was entitled to a new sentencing hearing "limited to [the] proper imposition of postrelease control." *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at paragraph two of the syllabus. Mr. O'Neal has not alleged that his lawyer failed to ensure that the trial court properly imposed post-release control when it resentenced him. Accordingly, his fourth assignment of error is overruled.

### CONCLUSION

{¶13} Under *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, the trial court only had authority on remand to impose a proper term of post-release control. It, therefore, did not err when it failed to merge Mr. O'Neal's kidnapping and felonious assault convictions or denied his

motions to dismiss and to withdraw his guilty plea. To the extent the trial court's judgment entry attempted to do anything other than properly impose post-release control, however, it is vacated, and Mr. O'Neal's previous sentence is reinstated.

Judgment affirmed in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, J.
CONCURS

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.