[Cite as *State v. O'Neal*, 2012-Ohio-5564.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

WILLIAM B. O'NEAL

    Appellant

C.A. No.      12CA0032-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     04 CR 0547

DECISION AND JOURNAL ENTRY

Dated: December 3, 2012

CARR, Judge.

{¶1} Appellant, William O'Neal, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} This case stems out of a violent episode that occurred at a night club in Medina on the night of October 13, 2004.

{¶3} On November 21, 2004, the Medina County Grand Jury indicted O'Neal on a myriad of charges. After initially pleading not guilty to the charges at arraignment, O'Neal entered into a plea agreement with the State and pleaded guilty to three counts of kidnapping with firearm specifications, two counts of felonious assault with firearm specifications, one count of carrying a concealed weapon, and one count of illegal possession of a firearm in a liquor permit premises. The trial court merged several counts and O'Neal was sentenced on one count of kidnapping, one count of felonious assault with a firearm specification, one count of carrying

a concealed weapon, and one count of possession of a firearm in a liquor permit premise, for a total prison term of thirteen years.

{¶4} This matter has a lengthy appellate history. O'Neal appealed from the trial court's initial sentencing entry and raised one assignment of error, arguing that the consecutive sentences violated his constitutional rights. This Court reversed and remanded for proceedings consistent with *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. *State v. O'Neal*, 9th Dist. No. 05CA0076-M, 2006-Ohio-1904. The trial court held a resentencing hearing on June 9, 2006, and issued a new sentencing entry on June 14, 2006. While O'Neal had been resentenced pursuant to our decision in his first appeal, the trial court ultimately imposed the same total prison sentence of thirteen years. On appeal, this Court held that the trial court's June 14, 2006 sentencing entry was not a final, appealable order because it did not contain a finding of guilt by the trial court after O'Neal's guilty plea. *State v. O'Neal*, 9th Dist. No. 06CA0056-M, 2007-Ohio-2266. The trial court issued a nunc pro tunc sentencing entry on April 4, 2007, indicating that O'Neal had be found guilty after entering his plea. O'Neal filed a third notice of appeal and we determined that the matter was "now properly before this Court." *State v. O'Neal*, 9th Dist. No. 07CA0050-M, 2008-Ohio-1325, ¶ 4. In addressing the merits of O'Neal's appeal in our March 24, 2008 decision, this Court overruled his four assignments of error and affirmed his conviction and sentence. *Id*. at ¶ 20.

{¶5} While his third appeal was pending, on October 31, 2007, O'Neal filed a petition for post-conviction relief in the trial court. On March 25, 2008, the trial court denied the petition on the basis that is was untimely. Counsel for O'Neal filed a notice of appeal, and O'Neal himself filed a pro se notice of appeal from the March 25, 2008 judgment entry. O'Neal subsequently dismissed Case No. 08CA0025-M and proceeded under the notice of appeal filed

by counsel. In our decision released on December 15, 2008, this Court affirmed the trial court's denial of O'Neal's petition for post-conviction relief. *State v. O'Neal*, 9th Dist. No. 08CA0028-M, 2008-Ohio-6572.

{¶6} On April 22, 2009, O'Neal filed a motion to invalidate his sentence. The trial court denied the motion and O'Neal filed his sixth notice of appeal in this matter. On appeal, this Court held that the nunc pro tunc sentencing entry issued by the trial court did not comport with the statutory mandates regarding the imposition of post-release control. On the authority of *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, this Court concluded that O'Neal was entitled to a new sentencing hearing due to the post-release control error. *State v. O'Neal*, 9th Dist. No. 09CA0045-M, 2010-Ohio-1252, ¶ 14.

{¶7} Before the trial court conducted the resentencing hearing, O'Neal moved to withdraw his plea, and he also moved to dismiss the indictment on the basis that the trial court had lost jurisdiction due to unreasonable delay without imposing a sentence. The trial court denied O'Neal's motions and he filed his seventh notice of appeal, raising numerous assignments of error. This Court concluded that the trial court did not have the authority to address O'Neal's motion to withdraw his plea, and that the trial court properly exercised its jurisdiction in resentencing O'Neal. *State v. O'Neal*, 9th Dist. No. 10CA0140-M, 2012-Ohio-396, ¶ 7 - ¶ 10. This Court specifically noted that the scope of O'Neal's resentencing hearing was limited to the proper imposition of post-release control pursuant to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. *Id*. at ¶ 6. Thus, the terms of his sentence as stated in the April 4, 2007 nunc pro tunc sentencing entry remained in place. We further held that O'Neal's allied offenses argument was barred by the doctrine of res judicata, and that defense counsel had not rendered ineffective assistance. *Id*. at ¶ 6, ¶ 12.

{¶8} On March 14, 2012, O'Neal filed a pro se motion in the trial court to correct clerical errors in the judgment entry pursuant to Crim.R. 36. The trial court denied the motion on March 27, 2012.

{¶9} O'Neal filed a timely notice of appeal and raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN NOT CORRECTING A CLERICAL ERROR, APPARENT FROM THE RECORD, THAT ERRONEOUSLY RECORDED THE TERMS OF A SENTENCE WERE TO BE SERVED CONSECUTIVELY AND NOT CONCURRENTLY AS ORDERED BY THE TRIAL COURT, AT THE JUNE 9, 2006 SENTENCING HEARING IN CASE NO. 04CR0547, AS AUTHORIZED UNDER CRIM.R. 36. THE TRIAL COURT'S FAILURE TO CORRECT THE ERROR HAS VIOLATED THE DEFENDANT'S CONSTITUTIONAL RIGHTS UNDER BOTH THE UNITED STATES AND OHIO CONSTITUTIONS TO DUE PROCESS, EQUAL PROTECTION OF THE LAW AND THE PROTECTION AGAINST DOUBLE JEOPARDY.

{¶10} In his assignment of error, O'Neal argues that the trial court erred by denying his motion to correct a clerical error in the judgment entry. This Court disagrees.

{¶11} In his motion filed on March 14, 2012, O'Neal asked the trial court to correct a clerical error in the April 4, 2007 nunc pro tunc entry which related back to the June 14, 2006 sentencing entry. O'Neal asserted that both entries erroneously stated that the prison terms for kidnapping and felonious assault were to be served consecutively, when in actuality they were ordered to be served concurrently at his sentencing hearing. O'Neal asked the trial court to correct the "clerical error" pursuant to Crim.R. 36. The trial court denied O'Neal's motion. On appeal, O'Neal argues he is entitled to a sentencing entry that reflects the statements made on the record at his sentencing hearing. O'Neal further argues that the error resulted in the aforementioned judgment entries not being final, appealable orders.

**{¶12}** As an initial matter, an affirmative mistake in a sentencing entry is mere error for which a defendant has an adequate remedy by way of direct appeal. *State ex rel. Galloway v. Lucas Cty. Court of Common Pleas*, 130 Ohio St.3d 206, 2011-Ohio-5259, ¶ 3. Thus, to the extent that the trial court did impose a sentence that varied from what was discussed at the sentencing hearing, that error did not result in the sentencing entry being non-final.

**{¶13}** With respect to O'Neal's argument regarding clerical error, we note that the total sentence reflected in the trial court's April 4, 2007 sentencing entry accurately reflected the total sentence imposed by the trial court at the June 9, 2006 sentencing hearing. In its April 4, 2007 sentencing entry, the trial court imposed a seven-year prison term on the felonious assault charge that was to be served consecutively to the three-year prison term for the attendant firearm specification. The trial court also imposed a three-year prison term on the kidnapping charge which it ordered to run consecutively to the sentences for felonious assault and the gun specification, for a total prison term of thirteen years. This was consistent with the total sentence articulated by the trial court at the sentencing hearing, where it specifically informed O'Neal that he was "looking at thirteen years." The confusion in this matter arises from the fact that the trial court mistakenly stated at the sentencing hearing that the prison terms for kidnapping and felonious assault would be served concurrently, while the total length of the sentence clearly indicates the trial court intended to run those sentences consecutively. Because the sentencing entry itself does not contain a clerical mistake or error, the trial court properly denied O'Neal's motion to correct a clerical error in the judgment entry. To the extent that O'Neal has identified a misstatement by the judge at the sentencing hearing, any error is harmless as it did not impact the length of his sentence. *See State v. Foster*, 9th Dist. No. 11CA0114-M, 2012-Ohio-4199, ¶ 7, fn. 1.

**{¶14}** O'Neal's assignment of error is overruled.

### III.

**{¶15}** O'Neal's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
CONCURS.

MOORE, J.
<u>CONCURS IN JUDGMENT ONLY.</u>


<u>APPEARANCES:</u>

WILLIAM B. O'NEAL, pro se, Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.