[Cite as *State v. O'Neal*, 2015-Ohio-4006.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

WILLIAM B. O'NEAL

    Appellant

C.A. No.     14CA0094-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     04CR0547

DECISION AND JOURNAL ENTRY

Dated: September 30, 2015

HENSAL, Presiding Judge.

{¶1} William O'Neal appeals the judgment of the Medina County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2} On October 13, 2004, Mr. O'Neal shot a dancer at a night club. Mr. O'Neal eventually entered into a plea agreement with the State, pleading guilty to three counts of kidnapping with firearm specifications, two counts of felonious assault with firearm specification, one count of carrying a concealed weapon, and one count of illegal possession of a firearm. After merging a number of counts, the trial court sentenced Mr. O'Neal to 13 years imprisonment.

{¶3} Mr. O'Neal appealed his sentence, and this Court reversed and remanded for the trial court to apply *State v. Foster*, 109 Ohio St.3d 2006-Ohio-856. *State v. O'Neal*, 9th Dist. Medina No. 05CA0076-M, 2006-Ohio-1904, ¶ 5-8 (*"O'Neal I"*). The trial court resentenced Mr.

O'Neal on June 9, 2006, and issued a new sentencing entry on June 14, 2006, reimposing the 13-year prison term. Mr. O'Neal attempted to appeal from his new sentencing entry, but we dismissed, concluding that the June 14, 2006 order was not final and appealable. *State v. O'Neal*, 9th Dist. Medina No. 06CA0056-M, 2007-Ohio-2266, ¶ 16 ("*O'Neal II*"). The trial court issued a nunc pro tunc sentencing entry on April 4, 2007, and Mr. O'Neal again appealed. Concluding that the matter was "now properly before this Court," this Court overruled Mr. O'Neal's assignments of error and affirmed his convictions and sentence. *State v. O'Neal*, 9th Dist. Medina No. 07CA0050-M, 2008-Ohio-1325, ¶ 4, 20 ("*O'Neal III*").

{¶4} Mr. O'Neal filed a petition for postconviction relief on October 31, 2007, which the trial court denied as untimely on March 25, 2008. Mr. O'Neal and his counsel both appealed the trial court's decision, but this Court dismissed Mr. O'Neal's appeal and proceeded on the appeal filed by counsel. We affirmed the trial court's denial of Mr. O'Neal's motion for postconviction relief. *State v. O'Neal*, 9th Dist. Medina No. 08CA0028-M, 2008-Ohio-6572 ("*O'Neal IV*").

{¶5} Mr. O'Neal filed a new motion on April 22, 2009, seeking to invalidate his sentence. The trial court denied the motion, but this Court reversed on appeal, holding that the trial court's April 4, 2007, nunc pro tunc entry failed to properly impose post-release control. We remanded the matter for a new sentencing hearing pursuant to *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434. *State v. O'Neal*, 9th Dist. Medina No. 09CA0045-M, 2010-Ohio-1252, ¶ 14 ("*O'Neal V*"). On remand, Mr. O'Neal moved to withdraw his plea and to dismiss the indictment. The trial court denied his motions, and Mr. O'Neal appealed. This Court held that the trial court had not had the authority to permit Mr. O'Neal to withdraw his guilty plea and had properly exercised its jurisdiction in resentencing him. *State v. O'Neal*, 9th Dist. Medina

No. 10CA0140-M, 2012-Ohio-396, ¶ 7-10 ("*O'Neal VI*"). This Court also held that Mr. O'Neal's allied offenses argument was barred by res judicata and that he had not received ineffective assistance of counsel. *Id.* at ¶ 6, 12.

{¶6} On March 14, 2012, Mr. O'Neal filed a motion to correct clerical errors in his sentencing entry, which the trial court denied on March 27, 2012. Mr. O'Neal again appealed, and this Court affirmed the trial court's decision. *State v. O'Neal*, 9th Dist. Medina No. 12CA0032-M, 2012-Ohio-5564, ¶ 10-14 ("*O'Neal VII*"). Mr. O'Neal filed a motion captioned "Motions for: In-Camera Inspection of Grand Jury Proceedings; Withdrawal of Guilty Plea; and Allied Offense Hearing, Based on New Evidence Withheld by the Prosecution" on July 16, 2014. The trial court denied his motion, and Mr. O'Neal has appealed, raising four assignments of error for our review.

II.

{¶7} Before addressing the assignments of error, we initially note that Mr. O'Neal has been acting pro se throughout these proceedings. It is well established that pro se litigants should be granted reasonable leeway, and their motions and pleadings should be construed liberally so as to decide the issues on the merits as opposed to technicalities. *See, e.g., Pascual v. Pascual*, 9th Dist. Medina No. 12CA0036–M, 2012–Ohio–5819, ¶ 5. "However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes." *Id*., quoting *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3. It is not this Court's duty to create an appellant's argument for him. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998); App.R. 16(A)(7).

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ALLOWING THE STATE TO SUPPRESS DOCUMENTS WHICH REPRESENT EVIDENCE FAVORABLE TO APPELLANT-DEFENDANT AND MATERIAL TO APPELLANT-DEFENDANT'S GUILT, (I.E. GUILTY PLEA) AND/OR PUNISHMENT, (I.E. THE SENTENCE AND MERGER OF ALLIED OFFENSES FOR SENTENCING). EVIDENCE WHICH SHOULD HAVE BEEN REVIEWED AND CONSIDERED BY THE GRAND JURY AND WAS WITHHELD FROM THE DEFENSE AND DEFENDANT PRIOR TO THE TRIAL COURT ACCEPTING A PLEA OF GUILTY AND THE IMPOSITION OF SENTENCE, IN VIOLATION OF *DUE PROCESS*.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN NOT ORDERING AN IN-CAMERA INSPECTION OF THE GRAND JURY RECORDS TO DETERMINE THE EXTENT OF THE STATE'S MISREPRESENTATION OF THE FACTS OF THE CASE, WHICH HAS IMPUGNED THE VALIDITY OF THE INDICTMENT PROCESS AND SUBJECT-MATTER JURISDICTION OF THE TRIAL COURT.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DENYING APPELLANT-DEFENDANT'S MOTION FOR WITHDRAWAL OF GUILTY PLEA BASED UPON EVIDENCE WITHHELD BY THE STATE OF OHIO (*BRADY V. MARYLAND*, 373 U.S. 83; 83 S. CT. 1194; 10 L. ED. 2D 215), WHERE WITHOUT SAID EVIDENCE APPELLANT-DEFENDANT'S GUILTY PLEA COULD NOT HAVE BEEN KNOWINGLY, VOLUNTARILY, OR INTELLIGENTLY MADE, IN VIOLATIONS OF *DUE PROCESS AND EQUAL PROTECTION OF THE LAW UNDER BOTH THE OHIO AND U.S. CONSTITUTIONS*.

{¶8} Mr. O'Neal argues in his first assignment of error that the prosecution failed to disclose "exculpatory evidence"[1] during discovery in his case in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). In his second assignment of error, Mr. O'Neal argues that this "exculpatory evidence" calls into question the grand jury proceedings because the State may not have fairly and impartially presented the case to the grand jury. Mr. O'Neal further argues in his third

---

[1] We express no opinion as to whether the witness statements at issue in this case are exculpatory for the purposes of *Brady*.

assignment of error that, because the State did not provide this evidence during discovery, his pleas were not knowing, intelligent, and voluntary and, therefore, he should be permitted to withdraw them.

{¶9} Although not captioned as such, Mr. O'Neal's motion in the trial court was a motion for postconviction relief pursuant to Revised Code Section 2953.21. *See* R.C. 2953.21(A)(1)(a). Mr. O'Neal, however, already filed a petition for postconviction relief on October 13, 2007, and this Court affirmed the denial of that petition. *See O'Neal IV*, 2008-Ohio-6572, ¶ 17. An offender may not file a successive petition for postconviction relief petition unless he or she satisfies the requirements of Section 2953.23(A)(1), which provides, in pertinent part,

> Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless * * * [b]oth of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶10} In his petition for postconviction relief, Mr. O'Neal argues that his petition is based upon new evidence, specifically the witness statements of Patricia McCarthy, Jamie Seller, Melissa Ryder, and Amy Mazzocco. However, not only do the postconviction petition materials

indicate that Mr. O'Neal had these witness statements in his possession in 2007, Mr. O'Neal actually *relied* on some of these witness statements in his 2007 petition for postconviction relief. Thus, Mr. O'Neal has not satisfied the first requirement of Section 2953.23(A)(1).

{¶11} Accordingly, Mr. O'Neal's first, second, and third assignments of error are overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN DENYING APPELLANT-DEFENDANT'S MOTION FOR AN ALLIED OFFENSE HEARING, PURSUANT TO R.C. § 2941.25, R.C. § 2929.19(B)(1), *STATE V. WASHINGTON*, 137 OHIO ST.3D 427, 2013-OHIO-4982, 999 N.E.2D 661, AND *STATE V. LOGAN*, (1979), 60 OHIO ST.2D 126, 397 N.E.2D 1345, TO ALLOW APPELLANT DEFENDANT TO PRESENT TO THE TRIAL COURT EVIDENCE WITHHELD BY THE STATE OF OHIO (*BRADY V. MARYLAND*, 373 U.S. 83; 83 S. CT. 1194; 10 L. ED. 2D 215), WITHOUT SAID EVIDENCE THE TRIAL COURT, IN CONSIDERING ALLIED OFFENSE, COULD NOT HAVE MADE FULL CONSIDERATION OF EVIDENCE IN SUPPORT OF THE MERGER OF KIDNAPPING AND FELONIOUS ASSAULT AS ALLIED OFFENSES OF SIMILAR IMPORT UNDER R.C. § 2941.25, IN VIOLATION OF DOUBLE JEOPARDY AND DUE PROCESS AND EQUAL PROTECTION OF THE LAW UNDER THE U.S. AND OHIO CONSTITUTIONS. (SIC THROUGHOUT).

{¶12} Mr. O'Neal argues in his fourth assignment of error that the trial court should have held an allied offense hearing in light of the witness statements. Because Mr. O'Neal's sentence was final, however, the trial court did not have authority to reconsider his sentence. *See State v. Miller*, 127 Ohio St.3d 407, 2010–Ohio–5705, ¶ 14 ("[A] trial court lacks the authority to reconsider its own valid, final judgment in a criminal case, with two exceptions: (1) when a void sentence has been imposed and (2) when the judgment contains a clerical error."). *See also O'Neal VI¸* 2012-Ohio-396, ¶ 4-6 (holding that Mr. O'Neal could not challenge the propriety of the trial court's allied offense determinations as those issues were barred by res judicata since they could have been raised in an earlier appeal). Accordingly, we cannot conclude that the trial court erred when it denied Mr. O'Neal's motion to hold an allied offense hearing.

{¶13} Mr. O'Neal's fourth assignment of error is overruled.

III.

{¶14} Mr. O'Neal's assignments of error are overruled, and the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶15} This is Mr. O'Neal's tenth appeal. I would decide all issues as being barred by res judicata.

<u>APPEARANCES:</u>

WILLIAM B. O'NEAL, pro se, Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.