[Cite as *State v. Eggeman*, 2016-Ohio-2761.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 14CA0105-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANIEL J. EGGEMAN | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 14CRB00667-A |

DECISION AND JOURNAL ENTRY

Dated: May 2, 2016

WHITMORE, Judge.

{¶1} Defendant-Appellant, Daniel Eggeman, now appeals from his conviction in the Wadsworth Municipal Court. This Court affirms.

I

{¶2} A criminal complaint was issued against Eggeman based on his attempt to knowingly purchase more than nine grams of a pseudoephedrine or ephedrine product within a period of 30 consecutive days. *See* R.C. 2925.55(B)(1)(b) and 2923.02(A). Following his arrest and release on bond, Eggeman filed several pretrial motions. The court conducted a motion hearing, at which Eggeman appeared pro se and raised a number of issues. Specifically, he raised issues concerning his ability to secure a cell phone extraction report that the police compiled in another case against him and to have a pretrial with the prosecutor in order to facilitate a possible plea agreement. The court informed Eggeman that discovery would proceed, as scheduled. It further informed him that it could not take part in plea negotiations. The court

instructed Eggeman to contact the prosecutor directly if he wished to discuss the possibility of a plea.

{¶3}    Subsequently, Eggeman filed several motions, including a motion to dismiss his case for prosecutorial and judicial misconduct, a motion to compel further discovery, and an affidavit of disqualification.   The Ohio Supreme Court rejected Eggeman's affidavit of disqualification because it did not contain a certificate of service.   The trial court then held another hearing on Eggeman's remaining motions.   At the hearing, Eggeman once again raised the possibility of a plea agreement.   The trial judge then left the courtroom and allowed Eggeman to discuss the matter with the prosecutor.   As a result of their discussion, Eggeman pleaded no contest to the attempt charge set forth in the complaint against him.   The court sentenced him to 30 days in jail, suspended on the condition that he not incur any similar offenses in a two-year period.

{¶4}    Eggeman now appeals from his conviction and raises four assignments of error for our review.   For ease of analysis, we consolidate and rearrange several of his assignments of error.

II

{¶5}    Initially, we note that Eggeman acted pro se in the trial court and has appeared pro se before this Court on appeal.   With respect to pro se litigants, this Court has held that:

> [p]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities.   However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound.   He is not given greater rights than represented parties, and must bear the consequences of his mistakes.   This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Second alteration sic.) *State v. Taylor*, 9th Dist. Lorain No. 14CA010549, 2014-Ohio-5738, ¶ 5, quoting *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2014-Ohio-5178, ¶ 3.

**{¶6}** The introductory portion of Eggeman's appellate brief sets forth four separate assignments of error. In the brief's argument section, however, he has not set forth an argument "with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which [he] relies." App.R. 16(A)(7). Instead, he has presented us with a single "Argument and Law" section that consists of one and a half pages of conclusions, lacking any analysis and intermixed with sparse citation to legal authority. The format of his brief "severely limits our ability to respond to the arguments made [therein]." *State v. Eggeman*, 9th Dist. Medina No. 14CA0085-M, 2015-Ohio-5177, ¶ 6. While pro se litigants must be granted reasonable leeway, *see Taylor* at ¶ 5, "[i]t is not this Court's duty to create an appellant's argument for him." *State v. O'Neal*, 9th Dist. Medina No. 14CA0094-M, 2015-Ohio-4006, ¶ 7. With that in mind, we turn to Eggeman's assignments of error.

Assignment of Error Number Three

> THE TRIAL COURT ERRED IN ALLOWING MEMBERS OR (sic) PROSECUTION TO BAN ME FROM THEIR OFFICES.

**{¶7}** In his third assignment of error, Eggeman argues that the trial court erred when it allowed the prosecutor to ban him from coming to the prosecutor's office. Eggeman, however, fails to point to any trial court ruling affirmatively banning him from the prosecutor's office. *See* App.R. 16(A)(7). The record reflects that the trial court, when asked by Eggeman, simply told him that the prosecutor, pursuant to the criminal trespass statute, could lawfully prohibit him from coming to the prosecutor's office. Moreover, even assuming that the trial court committed an error, Eggeman has failed to explain how he was prejudiced as a result of his having been

banned from the prosecutor's office. The prosecutor's office provided him with all of the discovery materials that it had in its possession. Further, to the extent he wished to meet with the prosecutor for the purpose of pursuing plea negotiations, he was able to do so when he came before the court for the second hearing on his motions. Because Eggeman has not shown that the trial court erred and/or that he was prejudiced as a result of any alleged error that may have occurred, his third assignment of error is overruled.

## Assignment of Error Number Two

THE TRIAL COURT ERRED BY DENYING THE APPELLANT RECORDS OBTAINED FROM THE APPELLANTS (sic) CELL PHONE THAT WAS SEIZED DURING A SEARCH WARRANT EXECUTED ON FEBRUARY 3, 2014 FOR WADSWORTH CASE 14CRB00097.

**{¶8}** In his second assignment of error, Eggeman argues that the trial court erred when it denied him access to records taken from his cell phone. The argument portion of his brief, however, does not address the purported cell phone records. *See* App.R. 16(A)(7). There is no dispute that Eggeman's cell phone was seized in conjunction with a separate criminal case. Both the trial court and the prosecutor repeatedly informed Eggeman that his cell phone records had no bearing on his attempt charge. Because the cell phone records do not relate to the case at hand and Eggeman has not supported his second assignment of error with any analysis or legal authority, it is overruled.

## Assignment of Error Number One

THE TRIAL COURT ERRED BY ALLOWING PROSECUTION TO SELECTIVELY PROSECUTE THE APPELLANT, DANIEL J. EGGEMAN.

## Assignment of Error Number Four

APPELLANT'S CONVICTION FOR ATTEMPT WAS IN VIOLATION OF ARTICLE I, SECTION 2, OF THE OHIO CONSTITUTION AND 14TH AMMENDMENT (sic) OF THE UNITED STATES CONSTITUTION.

**{¶9}** In his first and fourth assignments of error, Eggeman challenges his conviction on the basis of selective prosecution. We once again reject his assignments of error.

**{¶10}** "A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *State v. Sanchez*, 9th Dist. Lorain No. 09CA009582, 2010-Ohio-4660, ¶ 33, quoting *State v. Getsy*, 84 Ohio St.3d 180, 203 (1998). Selective prosecution claims sound in equal protection and protect against prosecutions "based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'" *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 43, quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996), quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962).

> To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

(Internal quotations omitted.) *Getsy* at 203. "The conscious exercise of some selectivity in enforcement is not in itself * * * a violation of the United States Constitution." *State v. Flynt*, 63 Ohio St.2d 132, 134 (1980).

**{¶11}** Several courts have held that "[t]he defense of selective prosecution must be raised in a pretrial motion." *State v. Brown*, 6th Dist. Ottawa No. OT-95-040, 1996 WL 139626, *7 (Mar. 29, 1996), quoting *Cleveland v. GSX Chem. Servs. of Ohio, Inc.*, 8th Dist. Cuyahoga No. 60512, 1992 WL 95735, *5 (May 7, 1992). Eggeman failed to file any motions on the basis of selective prosecution. Indeed, other than referring to the case against him as selective prosecution, the record reflects that he never directly asked the court to consider the issue of

selective prosecution or to dismiss the charges against him on that basis.  Even assuming that Eggeman has preserved this issue for appeal, however, we find no merit in his argument.

{¶12} In support of his selective prosecution argument, Eggeman points to a conversation that he had with the prosecutor while the trial judge was not in the courtroom.  The transcript of the relevant portion of that conversation reads as follows:

> MR. EGGEMAN: Prior to [sentencing], can I still get the records of everyone that was flagged one time [for the purchase of pseudoephedrine or ephedrine]?
>
> [THE PROSECUTOR]: You can subpoena –
>
> MR. EGGEMAN: Which [the judge] said he was going [to] grant.
>
> [THE PROSECUTOR]: You had a right to subpoena –
>
> MR. EGGEMAN: So that will reflect that everyone –
>
> [THE PROSECUTOR]: I don't know what the number would say.
>
> MR. EGGEMAN: Everyone who was flagged one time was brought before the Court in Medina County?  Would the record show that?
>
> [THE PROSECUTOR]: I can tell you that's not the case.
>
> MR. EGGEMAN: Then this is selective then.
>
> [THE PROSECUTOR]: Yeah.
>
> MR. EGGEMAN: All right.  I'm done then.  I'm done.  I'll proceed to Court. This is selective prosecution.
>
> [THE PROSECUTOR]: I'm sorry.
>
> MR. EGGEMAN: You've been very polite.  I appreciate your professional –
>
> [THE PROSECUTOR]: Relax.  You are entitled to a hearing.  You are entitled to a trial.  All right?

After that portion of the conversation, the two spoke briefly again about the terms of a possible plea, and Eggeman decided to plead no contest.  Eggeman argues that, because the prosecutor

openly admitted that his prosecution was selective, his case should be dismissed for selective prosecution.

{¶13} As previously noted, the defense of selective prosecution requires a defendant to set forth, not only that the prosecutor singled him out for prosecution, but that the prosecutor did so "in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." (Internal quotations omitted.) *Getsy*, 84 Ohio St.3d at 203. Even assuming that Eggeman has set forth evidence that he was singled out for prosecution, he has not shown that the prosecutor did so in bad faith. *See State v. Charlton*, 9th Dist. Lorain No. 12CA010206, 2014-Ohio-1330, ¶ 34 (defendant did not "provide an argument that he was singled out for prosecution on the basis of a constitutionally impermissible standard"). "The conscious exercise of some selectivity in enforcement is not in itself * * * a violation of the United States Constitution." *Flynt*, 63 Ohio St.2d at 134. Because Eggeman failed to set forth a prima facie case of selective prosecution, his first and fourth assignments of error lack merit. Accordingly, they are overruled.

## III

{¶14} Eggeman's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

DANIEL J. EGGEMAN, pro se, Appellant.

THOMAS J. MORRIS, Prosecuting Attorney, for Appellee.